470 F.2d 738
 Mrs. Geraldine STEWART et al., Plaintiffs,
Mary K. McKague et al., Plaintiffs-Appellees-Cross Appellants,
v.
ATLANTIC PIPE LINE COMPANY et al.,
Defendants-Appellants-Cross Appellees,
v.
TEXAS GENERAL INDEMNITY COMPANY, Intervenor-Appellee.
 No. 72-1543.
 United States Court of Appeals,
Fifth Circuit.
 Dec. 12, 1972.
Rehearing and Rehearing En Banc Denied Feb. 27, 1973.
 
 Dale Dowell, Beaumont, Tex., for Atlantic Pipe Line Co.
 Walter Umphrey, Port Arthur, Tex., for McKague.
 John G. Tucker, Beaumont, Tex., for Texas Gen. Indemnity Co.
 H. P. Wright, Port Neches, Tex., for Geraldine Stewart.
 Before TUTTLE, WISDOM and GODBOLD, Circuit Judges.
 PER CURIAM:
 
 
 1
 We affirm the judgment of the trial court, except as to that court's action in arbitrarily reducing some of the verdicts arrived at by the jury. As to this issue the facts are simple and clear. John McKague was killed in an industrial accident. His widow brought this action to recover for herself and her children under the applicable wrongful death statute, and following trial the jury returned a verdict awarding damages to the estate of $26,000 (not here in issue); to Mrs. McKague $180,000; to the McKague children (four minor children) nothing; and exemplary damages of $200,000. Because of what appeared to be a conflict in the jury's answers to certain interrogatories and because of the failure to award anything to the children, as required by the statute, the trial court sent the jury back for further deliberation. This time the jury awarded the estate $26,000, Mrs. McKague $100,000, the children $50,000 each, and exemplary damages in the amount of $80,000 (it is noted that the total amount of each of the verdicts is the same, $380,000). Apparently believing the award to be inconsistent with the evidence, the court, on its own motion, and without giving the plaintiffs an alternative of a new trial to determine the correct amount, simply entered a remititur in the sum of $30,000 of the $50,000 awarded to each child. Such a procedure is unwarranted, see Gorsalitz v. Olin Mathieson Chemical Corporation, 5 Cir., 429 F.2d 1033 (1970), even when the trial court makes specific determinations as the basis of its reduction in the amount of the jury's verdict.
 
 
 2
 The judgment is affirmed on the principal appeal and is reversed on the appeal of the minor children and remanded to the trial court for the entry of a judgment in the full amount found by the jury to be due.